HIRAM O. PIERCE *vs.* ELBRIDGE L. GETCHELL and others.

Kennebec. Opinion June 2, 1884.

*Right to vote. Unreasonable act of selectmen. R. S., c. 4, § 63. Damages.*

The action of selectmen in refusing to permit a legal elector to vote on the ground that his name was checked, that another man had falsely personated him and voted under that name, is unreasonable, and renders them liable to an action under R. S., c. 4, § 63.

No elector can be legally disfranchised by being falsely personated by another who votes in his name.

Where the act of the selectmen in refusing to permit a legal elector to vote is unreasonable but not corrupt, punitive damages will not be awarded in an action against them by such elector.

ON REPORT.

The writ was dated December 30, 1882. The plea was the general issue. The opinion states the material facts.

*J. Baker and F. A. Waldron,* for the plaintiff, cited:

*Ashly* v. *White,* 2 Ld. Raym. 388; *Gardiner* v. *Ward,* 2 Mass. 244; *Kilham* v. *Ward,* 2 Mass. 236; *Lincoln* v. *Hapgood,* 11 Mass. 350; *Capen* v. *Foster,* 12 Pick. 487; *Gates* v. *Neal,* 23 Pick. 308; *Humphrey* v. *Kingman,* 5 Met. 162; *Blanchard* v. *Stearns,* 5 Met. 298; *Osgood* v. *Bradley,* 7 Maine, 411; *Donahoe* v. *Richards,* 38 Maine, 393; *People* v. *Pease,* 27 N. Y. 45; *People* v. *Holden,* 28 Cal. 123; *Oldham election case,* 1 O'Malley and H. Elec. Dec. 153; *Atwood* v. *Chapman,* 68 Maine, 38; 3 Allen, 1; 7 Allen, 155.

*Edmund F. Webb and Appleton Webb*, for the defendants.

Can it be said that by following the statute and the advice of two lawyers that the selectmen acted "unreasonable, corrupt or wilfully oppressive?" The question was before them. They must decide it one way or the other and if they acted honestly they are protected.

They were not liable if their decision was wrong, if they decided on the best light they could get. They were acting judicially. *Weeden* v. *Richmond*, 9 R. I. 128; *Keenan* v. *Cook*, 12 R. I. 52.

The rejection must be wilful and malicious as well as wrong. *Ashly* v. *White*, Ld. Raym. 938; Smith's Lead. Cas. 342 and note. *Harman* v. *Tappenden*, 1 East, 555; *Weckerly* v. *Geyer*, 11 Serg. and R. 35; *Jenkins* v. *Waldron*, 11 Johns. 114; *Wheeler* v. *Patterson*, 1 N. H. 88; *Carter* v. *Harrison*, 5 Blackf. 138; *Harlow* v. *Young*, 37 Maine, 88; *State* v. *Small*, 1 Fairf. 109; *Drewe* v. *Coulton*, 1 East, 563; *Donahoe* v. *Richards*, 38 Maine, 392.

LIBBEY, J. In this action the plaintiff seeks to recover of the selectmen of Waterville for the denial of his right to vote in that town at the annual election in 1882.

The plaintiff's right to recover, involves the construction of R. S., c. 4, § 63, which provides that "in no case . . . shall any officer of a city, town or plantation . . . be liable in damages for his official acts or neglects, unless they are unreasonable, corrupt, or wilfully oppressive."

This statutory provision has been carefully examined and construed by this court, in *Sanders* v. *Getchell*, *ante*, p. 158, and no further consideration of it is necessary in this case. In our opinion the only question involved in determining the liability of the defendants upon the evidence reported, is whether their action in refusing to permit the plaintiff to vote was *unreasonable*.

The facts are not materially in dispute. The plaintiff was a legal elector in Waterville, and his name was on the list of voters as H. O. Pierce. In the forenoon of the day of election, one Edgar O. Pierce presented himself to the selectmen and claimed the right to vote. They asked his name and he told them it was Edgar O. Pierce, or E. O. Pierce. They informed him that his

name was not on the list of voters, but that the name of H. O. Pierce was there. He then said his initials were H. O., that he was sometimes called H. O. Believing his statement to be true, without requiring him further to identify himself as H. O. Pierce, they permitted him to vote by that name, and checked it.

In the afternoon the plaintiff presented himself and offered his vote. He was informed by the defendants that his name was checked; that another man had voted under the name of H. O. Pierce. He then produced ·evidence of his identity as H. O. Pierce, whose name was on the list; that he had not voted, and had the legal right to vote. A full investigation satisfied the defendants of these facts, and that Edgar O. Pierce had falsely personated the plaintiff and deceived them. The plaintiff then offered his vote again and claimed that it should be received, but the defendants refused to receive it. We think the refusal was clearly unreasonable within the meaning of the word as defined in *Sanders* v. *Getchell, supra*. It appears to us that the question was one upon which men of common intelligence, acting fairly and without bias, could not be expected to take opposite sides. The defendants claim that they were justified in their action, because two gentlemen present, who were lawyers, declared that the plaintiff should not be permitted to vote as it would invalidate the election; and fearing that effect, they refused the vote.

We cannot conceive how two *lawyers* giving their opinions upon their responsibility as such, could express such an opinion.· It must have been inspirèd by political interest or bias rather· than by legal learning. The idea that, because a fraudulent ballot had been put into the ballot box, which, if it would change the result, any tribunal, having power to determine the election, · would reject, the reception of the honest, legal ballot would invalidate the whole election, is to say the least, unique. No elector can be legally disfranchised by being falsely personated by another as in this case. The defendants were so advised by several lawyers, among them the solicitor for the town, whose opinion was given at the request of the chairman of the board, and that they ought to permit the plaintiff to vote.

It remains for us to assess damages. We think the defendants did not act corruptly, and therefore punitive damages should not be awarded. The plaintiff is entitled to actual damages. The defendants did not refuse to credit the plaintiff's statements in regard to his rights. There was nothing in their action calculated to degrade him. He was disfranchised for one election only. There is no rule by which damages can be computed, and upon the whole we think twenty-five dollars a fair sum to award the plaintiff.

*Judgment for the plaintiff for $25 damages.*

PETERS, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.